FILED
9/22/20 10:23 am
CLERK
U.S. BANKRUPTCY
COURT - WDPA

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| IN RE: | Bankruptcy No. 20-21563-JAD |
| RYAN S. KADLECIK and CHERI L. KADLECIK, | Chapter 13 |
| DEBTORS | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CLEARVIEW FEDERAL CREDIT UNION, | |
| Movant, | Doc. No. 43 |
| v. | Related To Doc. Nos. 28, 25 |
| RYAN S. KADLECIK, CHERI L KADLECIK, and RONDA J. WINNECOUR, ESQUIRE, CHAPTER 13 TRUSTEE, | |
| Respondent(s). | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### STIPULATION RESOLVING CLEARVIEW FEDERAL CREDIT UNION'S OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN DATED JUNE 2, 2020

Clearview Federal Credit Union and Debtors, Ryan S. Kadlecik and Cheri L. Kadlecik, by and through their respective undersigned counsel, hereby file the within Stipulation, whereby they agree as follows:

1. Debtors/Respondents, Ryan S. Kadlecik and Cheri L. Kadlecik (collectively, the "Debtors") commenced this case on May 18, 2020 ("Petition Date") and heretofore filed their Chapter 13 Plan dated June 2, 2020 (Doc. # 16, the "Plan").

2. Co-Movant, Clearview Federal Credit Union ("Credit Union"), is a creditor of the Debtors and is a party in interest in this bankruptcy proceeding.

3. Respondent, Ronda J. Winnecour, Esquire, Chapter 13 Trustee ("Trustee"), was appointed as trustee under § 1302 of the Bankruptcy Code, and has an address of U.S. Steel Tower, Suite 3250, 600 Grant Street, Pittsburgh, PA 15219. <u>The Trustee does not object to the provisions of this Stipulation</u>.

4. The Credit Union heretofore filed its Objection to the Plan (Doc. # 25, the "Objection"), wherein it asserted that the Plan failed to meet the requirements for confirmation under 11 U.S.C. § 1325 in several respects.

5. By Order dated July 9, 2020 (Doc. # 28), the Plan was confirmed on an interim basis, solely as a means of adequate protection, and a continued conciliation was set for November 19, 2020.

6. In an effort to resolve the Objection, the parties hereby stipulate and agree as follows.

7. With respect to the Credit Union's claim secured by the 2015 Ford F-250 (last four digits of VIN *5259) (the "Truck"), which is more fully described and documented in the Claims Register at Claim No. 19-1 (the "Truck Loan"), the parties agree that the Truck is owned by a non-debtor corporate entity, not the Debtors, and Debtors are guarantors on said loan.

8. As of the Petition Date, the balance owed on the Truck Loan equaled $15,129.04.

9. As of August 28, 2020, the arrears on the Truck Loan equaled $2,092.79, with an additional payment of $452.79 coming due on September 9, 2020.

10. As of the Petition Date, the monthly payment on the Truck Loan equaled $452.74.

11. The parties agree to address the Truck Loan as follows:

    a. Starting with the payment due September 9, 2020, the Debtors shall remit all payments required hereunder directly to the Credit Union, outside the

- 2 -

        Plan, given that the underlying obligation is an obligation of a non-debtor secured by an asset of a non-debtor;

b.     The regular contractual monthly payments on the Truck Loan will be made as and when due under the loan documents, outside the Chapter 13 Plan;

c.     In consideration of the covenants set forth herein, the Credit Union agrees to "freeze" the arrears at $2,545.58 as of September 9, 2020, so long as Debtors perform hereunder;

d.     The arrears set forth in the preceding sub-paragraph will be cured at the rate of $500.00/month until paid in full. This figure is in addition to the regular contractual monthly payments. The first such payment shall be made by September 20, 2020, and all future arrears "catch-up" payments shall be due on or before the 20th of each successive month until cured;

e.     In the event the Debtors default under the Truck Loan Documents, as modified by this Stipulation, the Credit Union shall be afforded immediate relief from any automatic stay that may be in effect upon the filing of an Affidavit of Default and may thereafter immediately exercise its state law rights and remedies with respect to the Truck Loan and/or Truck without further notice;

f.     Debtors agree to amend their Plan to provide for the treatment of the Truck Loan set forth herein and shall specifically reference this Stipulation in said amended Plan; and

g.     The Trustee shall make no further payments to the Credit Union on account of the Truck Loan/Proof of Claim No. 19, and shall close off the record for that claim on her system.

12.     Except as set forth above, the Credit Union reserves all of its rights under the Loan Documents, which remain binding and enforceable except as may be expressly modified herein, and applicable law.

13.     In consideration of the foregoing, the Credit Union hereby withdraws its Objection to the Plan, without prejudice to seeking appropriate relief in the event Debtors fail to fulfill their obligations under the Plan, as amended, or otherwise.

STIPULATED AND AGREED TO THIS 15th DAY OF SEPTEMBER, 2020, BY:

| METZ LEWIS BRODMAN MUST O'KEEFE LLC | BRYAN P. KEENAN & ASSOCIATES P.C. |
|---|---|
| By:  /s/ Roger P. Poorman<br>Roger P. Poorman, Esquire<br>PA I.D. No. 206562<br>535 Smithfield Street, Suite 800<br>Pittsburgh, PA 15222<br>Telephone (412) 918-1100<br>Facsimile (412) 918-1199<br>rpoorman@metzlewis.com<br>Attorneys for Clearview Federal Credit Union | By:  /s/ Bryan P. Keenan<br>Bryan P. Keenan, Esquire<br>PA I.D. No. 89053<br>993 Greentree Road, Suite 200<br>Pittsburgh, PA 15220<br>Telephone (412) 922-5116<br>Facsimile (412) 444-0158<br>bkeenan@attorneykeenan.com<br>Attorney for Debtor |

**AND APPROVED BY THE COURT THIS**

22nd day of September, 2020:

BY THE COURT:

_____
JEFFERY A. DELLER      mas
**UNITED STATES BANKRUPTCY JUDGE**

CASE ADMINISTRATOR SHALL SERVE:
  Ryan S. and Cheri L. Kadlecik
  Bryan P. Keenan, Esquire
  Roger P. Poorman, Esquire
  Ronda J. Winnecour, Esquire
  Office of United States Trustee

- 4 -

United States Bankruptcy Court
Western District of Pennsylvania

In re:
Ryan S. Kadlecik
Cheri L. Kadlecik
     Debtors

Case No. 20-21563-JAD
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0315-2    User: lfin    Page 1 of 1    Date Rcvd: Sep 22, 2020
                   Form ID: pdf900    Total Noticed: 1

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Sep 24, 2020.
db/jdb       +Ryan S. Kadlecik,   Cheri L. Kadlecik,   4001 Oak Point Circle,   Mc Kees Rocks, PA 15136-1584

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                                                                                         TOTAL: 0

            ***** BYPASSED RECIPIENTS *****
NONE.                                                                                                                                                             TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 24, 2020                                              Signature:   /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on September 22, 2020 at the address(es) listed below:
          Brian Nicholas    on behalf of Creditor    MidFirst Bank bnicholas@kmllawgroup.com
          Bryan P. Keenan    on behalf of Joint Debtor Cheri L. Kadlecik keenan662@gmail.com,
           melindap662@gmail.com
          Bryan P. Keenan    on behalf of Debtor Ryan S. Kadlecik keenan662@gmail.com, melindap662@gmail.com
          Jeffrey R. Hunt    on behalf of Creditor    County of Allegheny jhunt@grblaw.com,
           cnoroski@grblaw.com
          Jeffrey R. Hunt    on behalf of Creditor    Kennedy Township jhunt@grblaw.com, cnoroski@grblaw.com
          John R. O'Keefe, Jr.    on behalf of Creditor    Clearview Federal Credit Union
           jokeefe@metzlewis.com
          Keri P. Ebeck    on behalf of Creditor    Duquesne Light Company kebeck@bernsteinlaw.com,
           jbluemle@bernsteinlaw.com
          Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
          Roger P. Poorman    on behalf of Creditor    Clearview Federal Credit Union rpoorman@metzlewis.com,
           slohr@metzlewis.com
          Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
                                                                                                                      TOTAL: 10